IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEITH JAMES FORTUNE, | CV-20-128-BLG-SPW-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MONTANA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

This case comes before the Court on a petition filed by state pro se petitioner Keith James Fortune, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1.)  Fortune's petition should be dismissed.

## I.      Fortune's Federal Habeas Petition

Fortune filed his petition using a standard § 2241 form.  See generally, (Doc. 1.)  Fortune explains he is currently being held in the Yellowstone County Detention Facility on a "hold" issued by the Montana Department of Corrections (DOC). *Id.* at 1.  Fortune was being supervised by the Billings, Montana, Probation and Parole Office, as a result of a conviction handed down in Montana's First Judicial District, in Helena, Montana.  *Id.* at 1-2.  Fortune challenges the hold and his current incarceration alleging that the DOC failed to follow its own procedures prior to revoking his conditional release, particularly because his violations were

minor in nature.  *Id*. at 4, 6.  Additionally, Fortune believes his incarceration during the Covid-19 pandemic is unlawful and that the basis for his continued detention is illegitimate.  *Id*. at 6.  Fortune claims the Montana state incentives and interventions grid was not properly applied in his case and explains he has no new charges pending.  *Id*. at 6-7.  Fortune asks this Court to reinstate his conditional release and allow him to be placed back on community supervision.  *Id*. at 7.

 28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but rather, who is in custody for another reason, such a pretrial detention or awaiting extradition. *White v. Lambert,* 370 F. 3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc); see also, *Stow v. Murashige*, 389 F. 3d 880, 886 (9th Cir. 20040).  Based upon Fortune's own filing, he apparently is in custody as a result of a hold, based upon a purported probation/parole violation, issued by the DOC.  His current supervision stems from an underlying state court judgment of conviction out of Lewis and Clark County. See, (Doc. 1 at 1.)  Because Fortune is in custody pursuant to a state court judgment, he cannot proceed under § 2241.

When an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge.  *White*,  370 F. 3d at 1009-10.  Normally

2

Fortune would be provided an opportunity to file an amended petition under §
2254, however, at this juncture amendment would be futile.

As a preliminary matter, federal habeas relief is available only for violations
of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v.
McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for
errors of state law).  "[E]rrors of state law do not concern us unless they rise to the
level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400
(9th Cir. 1989).  As Fortune's petition stands, it does not appear he has identified a
cognizable federal claim; Fortune only references violations of state law.

But even assuming Fortune could state a cognizable federal claim, a state
prisoner must exhaust his state court remedies before petitioning for a writ of
habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal
courts may not grant a writ of habeas corpus brought by an individual in custody
pursuant to a state court judgment unless "the applicant has exhausted the remedies
available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The exhaustion-
of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a
policy of federal-state comity, an accommodation of our federal system designed
to give the State an initial opportunity to pass upon and correct alleged violations
of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971)
(internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

Although Fortune filed an appeal with the head of Probation and Parole, the Montana Supreme Court has not yet considered any claims Fortune attempts to advance. See, (Doc. 1 at 3.) Before Fortune can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Fortune has not yet exhausted his available state court remedies, this Court may not review his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Fortune to return to this Court if and when he fully exhausts the claims relative to his current custody.

4

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Fortune's petition should be dismissed because he cannot proceed under § 2241.  Additionally, because Fortune's claims are unexhausted, jurists would find no basis to encourage further proceedings.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  Fortune's Petition (Doc. 1) should be DISMISSED without prejudice.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Fortune may object to this Findings and Recommendation within 14 days.[1]

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Fortune must immediately notify the Court of any change in his mailing

address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 19th day of August, 2020.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

---

[1]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Fortune is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.